# MARCONI'S WIRELESS TELEGRAPH COMPANY, LIMITED, *v.* FREDERICK J. CROSS.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

### SUBMITTED NOVEMBER 14, 1904.   DECIDED JANUARY 16, 1905.

### FREAR, C.J., HARTWELL, J., AND CIRCUIT JUDGE DE BOLT IN PLACE OF HATCH, J.

NOVATION—*promoter's agreement—his release from liability may be inferred.*

> The plaintiff and defendant agreed on introducing in Hawaii the
> plaintiff's system of wireless telegraphy, the plaintiff to furnish
> instruments and superintend the installation, the defendant to pay
> $11,000 in two equal installments after the system should be in
> working order and £500 yearly rent for five years. At the time
> of making the agreement the defendant was told by the plaintiff's
> representatives that they might make a contract with him, he
> could assign it to his company, which, as defendant testified "was
> agreeable and it was done." The company was organized in
> Hawaii, the defendant assigning to it his rights under the agree-
> ment by assignment dated December 5, 1899. The articles of asso-

ciation of the company were filed December 6. The company afterwards assumed defendant's liability under the agreement and paid the plaintiff the first installment of $5,500. Plaintiff's agents dealt with the company as they would have done if it had been substituted for the defendant. Held: That there was evidence of a novation by acceptance of a new party to the agreement or of a waiver of the original contract by mutual understanding, implying an agreement that the defendant be released from his liability; and also that the company when formed could assume the liability under the agreement purporting to be assigned to it on the day before its articles were filed.

ID.—*practice—failure to give notice according to Rule IV. of intention to rely on release.*

Rule IV., requiring defendant to give notice with his answer of intention to rely upon the defense of release, does not apply to the defense of novation presented in this case.

ID.—*assignment, evidence of.*

Evidence that an assignment was made may be given without producing the written instrument. The plaintiff having afterwards placed in evidence a copy of the assignment, cannot object to its admission for the purpose of showing its contents.

OPINION OF THE COURT BY HARTWELL, J.

This was an action of assumpsit on an agreement made October 31, 1899, between the plaintiff and the defendant, whereby in consideration of the plaintiff allowing the defendant to use its system in the Hawaiian Islands and supplying instruments for five installations on Oahu, Kauai, Molokai, Maui and Hawaii the defendant agreed to erect poles for the system and furnish the labor for them, and to pay the plaintiff $11,000, one-half on January 1 thereafter and the rest when the installations were working, and also yearly rent of £500 for five years, the plaintiff agreeing to have the instruments delivered and installations complete and the system in working order at the earliest date practicable, and to furnish three experts to remain until the work was completed and the installations in working order. Marconi and Goodbody and their attorney, Bottomley, in behalf of the plaintiff, made the agreement with the defend-

ant in New York. There was conversation between them in which they asked the defendant to whom they should make the contract, whether to Catton, Neill & Co. The defendant said he had no authority to bind Catton, Neill & Co., whereupon Goodbody said, "You spoke of a company, what is the company?" The defendant answered, "It is not organized yet." Thereupon Bottomley said, "We might make a contract with you, you could assign it to your company." The defendant testified that this "was agreeable and it was done," (trans., pp. 141-142). The defendant returned to Hawaii and formed the Inter-Island Telegraph Company, its articles of association being filed December 6, 1899, together with an assignment to the company (dated December 5) of his rights under the agreement. After its organization the company assumed the defendant's liability under the agreement (pp. 158, 252, *Ib.*), paid the first $5,500 to the plaintiff (p. 158), a letter from the defendant to the plaintiff accompanying the payment, informing the plaintiff that he had "succeeded in organizing the company and the company has this day sent $5,500 on account of the contract," (p. 168). The plaintiff accepted this payment from the Inter-Island Telegraph Co. It had sent its experts, Bowden and Gray, to Hawaii to superintend the installation of the system. Gray found that mistakes had been made by Bowden which he caused to be corrected. Both of them dealt with the Inter-Island Telegraph Co. as they would have done if that company had been substituted for the defendant under the agreement. Considerable expense was incurred for changes required to make the system work, and disputes arose whether the plaintiff should bear the expense. Twenty-seven hundred dollars were paid by the local company on account of these changes and $900 were advanced by it at the request of the plaintiff's agents, (p. 126). At last the plaintiff, finding the stockholders of the local company dissatisfied and not disposed to advance more money, informed the defendant that it held him personally liable on the agreement. The jury found for the defendant and the case comes here on the plaintiff's bill of exceptions.

The defense was (1) that the plaintiff had not performed its part of the agreement, and (2) a novation, by the plaintiff accepting the Inter-Island Telegraph Co. in place of the defendant to perform his part of the agreement.   The plaintiff excepted to the denial of its motion to strike out all of the evidence "on the question of release and on the question of assignment of the contract," claiming that the contract was not assignable, that it was assigned to a corporation which was not in existence at the date of the assignment, and that a release could not be shown, as the defendant had not in accordance with Rule IV. given notice with his answer of his intention to rely upon it.   We do not regard Rule IV. as applicable to this defense of novation, which in substance is that the agreement contained a contemporaneous oral agreement that the defendant might transfer his rights under the contract to an incorporated company which he was to form, and by inference that he might transfer his obligations to the company.   The answer of general denial allowed proof that the defendant did not agree, as alleged, that the plaintiff had not performed its part of the agreement, or that there was no breach of the agreement.   There was evidence to support each one of the above named defenses.

The plaintiff's claim may thus be stated, viz.:   The obligation of a contract is not avoided by assigning it to a corporation. A corporation not in existence cannot be an assignee of a contract nor assume its obligations, and after becoming a corporation cannot ratify a contract which it was not even as a *de facto* corporation capable of making.   Undoubtedly the jury could have found upon the evidence that the contract was made with the mutual intention that it would be assigned to a corporation to be formed for the purpose of taking it, and that the assignment was made accordingly and assented to by the subsequent conduct of the plaintiff, with the implied agreement that the assignment should operate as a release of the defendant from his obligation.   Or the evidence would have justified a finding of a "waiver of the original contract by the mutual understanding of the parties."   *Van Vlieden v. Welles*, 6 Johnson 89.

"Strictly speaking, there can be no ratification by a corporation of a contract formed by its promoters prior to the completion of the corporate organization. The so-called ratification by the corporation is nothing more nor less than the making of an original contract." *Furniture Co. v. Crawford,* 127 Mo. 356, a case of a promoter's contract afterwards adopted by the corporation. "Without question, a corporation may adopt and assume the burden of contracts made by its promoters. This it may do in the same manner in which it might itself have made the original contracts. In such case the adoption of the contracts is not a ratification thereof reaching back to the date of their making, but is, in the view of the law, the making of new contracts as of the date of their adoption." Helliwell on Stock and Stockholders, Sec. 434. The courts sometimes regard the contracts made by persons engaged in organizing a company, and who become personally liable on them, as the contracts of agents of an undisclosed principal, the agent being personally liable unless the contract is expressly conditioned upon the successful formation and incorporation of the company and its ratification of his acts. 1 Beach on Private Corp., Sec. 159, and cases there cited. "But a promoter may show that by the terms under which he and the other members of a provisional committee consented to enter upon the work of organization, they were to incur no personal liability, and to have no power to bind one another." *Ib.*

The law upon the subject is, we think, correctly stated as follows: "When a promoter binds himself personally by a contract, the subsequent adoption or assumption of the contract by the corporation, when organized, will not relieve him from liability, even though the corporation may thereby become liable, unless the other party to the contract consents, so that there is a novation; for it is a well settled principle of the law of contracts that a party to a contract cannot relieve himself from its obligations by the substitution of another person, without the consent of the other party. If, however, on the adoption by a corporation of a contract made by its promoters, it is agreed

between all the parties that the corporation alone shall be liable, and the promoters released, there is a novation, the release of the promoters is supported by a sufficient consideration, and no action will afterwards lie against them on the contract. Such an agreement may be implied from the conduct of the parties. So, when a contract is made with the promoters of a corporation with the understanding at the time that it is to be assumed by the corporation when formed, and the corporation is formed and the contract assumed by it, the other party cannot hold the promoters personally liable on the contract." 1 Clark and Marshall on Private Corp., 107. In conformity with this view of the law plaintiff's exception No. 24 is overruled. The plaintiff's exceptions 1 and 19 to the admissibility of the evidence of the assignment in question are overruled, the witness having simply testified that he had made the assignment without reference to its contents. It was the plaintiff who placed in evidence (trans., p. 153), a certified copy of the articles of association of the Inter-Island Telegraph Co., which contained a copy of the assignment in question. Exception 11 is to the denial of plaintiff's motion to strike from the records exhibits 7 and 8 showing payments by the Inter-Island Telegraph Co. for the plaintiff. There was evidence that the payments were authorized by the plaintiff's agents, although a question was made whether the plaintiff or the local company was liable for them. The exception is overruled. Exception 26 to the verdict as contrary to the law and the evidence and exception 27 to the denial of a motion for a new trial on the same grounds are overruled. The instructions excepted to sufficiently present the law as we understand it, and are applicable to the evidence.

The exceptions are overruled.

*Kinney, McClanahan & Cooper* and *S. H. Derby* for plaintiff.
*J. W. Cathcart* for defendant.